THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD WINSTON, Defendant-Appellant.

Fourth District   No. 4—89—0880

Opinion filed August 2, 1990.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant Richard Winston appeals from his convictions contending the jury returned inconsistent verdicts under the collateral estoppel component of the constitutional guarantee against double jeopardy. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) We affirm.

On February 23, 1989, defendant was charged by indictment with the following felony offenses: (1) armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2); (2) unlawful use of a weapon by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1); and (3) unlawful possession with intent to deliver cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 705(c)). He successfully petitioned the circuit court to sever the weapons charge from the remaining felony charges for trial purposes on May 17, 1989. See Ill. Rev. Stat. 1987, ch. 38, par. 3—3(c).

Defendant was initially tried before a jury on the armed violence and the cannabis charges. On May 18, 1990, the jury returned a verdict acquitting defendant of the predicate felony charges and finding him guilty of the included offense of possession of cannabis. (Ill. Rev. Stat. 1987, ch. 56½, par. 704(c).) The circuit court entered a judgment of conviction and sentenced defendant to a 364-day term of imprisonment in the Champaign County Correctional Center on June 27, 1989.

Defendant was later tried before a jury on the weapons charge. He unsuccessfully petitioned the circuit court to dismiss that charge prior to trial. (See Ill. Rev. Stat. 1987, ch. 38, par. 3—4(a)(2).) On September 12, 1989, the jury returned a verdict finding defendant guilty of the weapons charge. Defendant then unsuccessfully petitioned the circuit court for a judgment notwithstanding the verdict under the collateral estoppel component of the constitutional guarantee against double jeopardy on October 11, 1989. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) The circuit court entered a judgment of conviction and sentenced defendant to a concurrent five-

year term of imprisonment in the Illinois Department of Corrections on November 9, 1989. Defendant filed a timely notice of appeal.

Defendant initially contends the acquittal verdict on the armed violence charge and the guilty verdict on the weapons charge are inconsistent. We disagree.

■ A succinct analysis of the inconsistent verdict issue is presented in *People v. Murray* (1975), 34 Ill. App. 3d 521, 340 N.E.2d 186. That analysis provides:

> "Verdicts of guilty of crime A but not guilty of crime B, where both crimes arise out of the same set of facts, are legally inconsistent when they necessarily involve the conclusion that the same essential element or elements of each crime were found both to exist and not to exist. ***
> ***
> Verdicts of guilty of crime A but not guilty of crime B, where both crimes arise out of the same set of facts, while not legally inconsistent because the two crimes have different essential elements (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840), may nevertheless be logically inconsistent. Verdicts are logically inconsistent when they can be construed to involve both the acceptance and the rejection of the same theory of the case for the State or the same theory of the defense. If they cannot be construed in any other way, then their logical inconsistency is a factor which contributes to the existence of a reasonable doubt as to the conviction, and that factor must be considered by a reviewing court in reviewing the defendant's contention on appeal that the evidence did not prove the defendant guilty beyond a reasonable doubt. Unless also legally inconsistent, however, logically inconsistent verdicts or findings do not *per se* require reversal (with or without a remand for a new trial on all counts) because, despite the logical inconsistency, the reviewing court may nevertheless find that there was adequate evidence for the State which, if believed, proved the defendant guilty beyond a reasonable doubt." (*Murray*, 34 Ill. App. 3d at 531-32, 340 N.E.2d at 194.)

Defendant is not entitled to a reversal of the weapons conviction on appeal unless he could establish the jury returned legally inconsistent verdicts on the predicate criminal charges severed at trial. See also *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233.

■ The inconsistent verdict contention of defendant is without merit. Defendant was tried on multiple felony charges in successive

criminal proceedings. The fact the jury returned an acquittal verdict on the armed violence charge in the first trial is not necessarily inconsistent with the return of a guilty verdict on the weapons charge in the second trial. First, the offenses charged against defendant are distinct crimes based upon separate penal statutes. (See Ill. Rev. Stat. 1987, ch. 38, pars. 24—1.1, 33A—2.) Second, the verdicts may be construed in a consistent manner. In the first trial the jury apparently concluded the defendant did not commit a felony while armed with a dangerous weapon. The jury found defendant committed a misdemeanor drug offense. The jury rejected the prosecution's theory that defendant possessed cannabis with the intent to deliver (a felony) and thus also rejected the armed violence charge. In the second trial, the jury found defendant guilty of unlawful use of weapon by a felon—a charge based simply on using or possessing a firearm by one who has been convicted of a felony. That finding is neither logically nor legally inconsistent with the result in the first trial and defendant is thus not entitled to a reversal of the weapons conviction on that basis.

Defendant expands upon his initial contention by next arguing the prosecution on the severed weapons charge should have been barred under the collateral estoppel component of the constitutional guarantee against double jeopardy. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) We again disagree.

■ The collateral estoppel doctrine is a component part of the constitutional guarantee against double jeopardy. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10; Ill. Rev. Stat. 1987, ch. 38, par. 3—4(a)(2); see also *Ashe v. Swenson* (1970), 397 U.S. 436, 445, 25 L. Ed. 2d 469, 476, 90 S. Ct. 1189, 1195.) Under that doctrine, criminal defendants are protected against both cumulative punishments and successive prosecutions for the same offense. (See *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180; *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260; *Grady v. Corbin* (1990), 495 U.S. ___, 109 L. Ed. 2d 548, 110 S. Ct. 2084.) The collateral estoppel doctrine provides criminal defendants with a limited measure of repose in facing the prosecution gauntlet. *Green v. United States* (1957), 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204, 78 S. Ct. 221, 223-24.

Defendant bears the burden of persuasion in raising collateral estoppel as a defense at trial. That burden is sustained with a two-prong showing: (1) the factual issue which defendant seeks to foreclose from consideration during any successive prosecution was necessarily resolved in his favor at a prior proceeding; and (2) the

resolution of this issue is inconsistent with the return of a guilty verdict against defendant in that prosecution. (*Dowling v. United States* (1990), 493 U.S. 342, 107 L. Ed. 2d 708, 110 S. Ct. 668; *United States v. Hewitt* (11th Cir. 1981), 663 F.2d 1381, 1386-87.) This showing must be grounded on a practical view of the issue—verdict interrelationship within the totality of the criminal proceedings. *Ashe*, 397 U.S. at 444, 25 L. Ed. 2d at 475-76, 90 S. Ct. at 1194.

■ Defendant has not sustained his burden on the collateral estoppel doctrine in this action. As a procedural matter, defendant would not have been subjected to successive prosecution but for *his* petition to sever the charges at trial. (See Ill. Rev. Stat. 1987, ch. 38, par. 3—3(c).) More importantly, defendant has not shown the jury resolved any factual issue in his favor during the first trial that would militate against the return of a guilty verdict in the second trial, much less bar prosecution altogether. Although defendant posits the jury necessarily determined he had not possessed a weapon by acquitting him of the armed violence charge, that determination was simply not made in the first trial. The verdicts are consistent. One jury found the evidence sufficient to prove defendant possessed drugs for his personal use at the time of arrest but not sufficient to find he possessed those drugs with the intent to deliver them or that he committed a felony while armed with a dangerous weapon. A second jury found defendant possessed or used a firearm. The collateral estoppel doctrine is not applicable under the factual circumstances of this action.

The judgment of the Champaign County circuit court is affirmed.

Affirmed.

SPITZ and McCULLOUGH, JJ., concur.